The opinion of the Court was delivered by
WhitNBE, J.
The arguments and authorities adduced would lead us into a general summary of the principles governing matters of contract. In announcing our judgment it is not thought necessary to enter upon such an enlarged discussion.
This contract is in writing, and there is no dispute about its terms. The performance by the plaintiff of the services stipulated for by the defendant fixes the liability of the .latter. The promise to pay was founded on the apprehension and delivery to the jail of Kershaw District, a certain negro slave, an alleged fugitive from justice, charged with murder. The performance proved was an apprehension and delivery to a *550 magistrate of tbe district, by whom tbe slave was delivered to a constable, in whose custody be continued until a trial was bad.
Tbis was not a strict compliance witb tbe terms stipulated. Was it a substantial compliance, sucb as should entitle tbe plaintiff to the reward which bad been offered l
Tbis Court has reached a conclusion adverse to the-plaintiff, and tbe facts disclosed perhaps well illustrate tbe substantial difference. But it is proper, and we prefer to apply tbe test upon general considerations.
Tbe delivery of a slave in tbe jail and at the Court House, places him in tbe midst of general and professional intelligence, and usually in a community free from any neighborhood feeling or improper bias.
Sucb a delivery would contemplate sucb participation on tbe part of those to whom it appropriately belonged, in tbe -conduct of tbe prosecution, as would be proper to secure tbe ends of justice, at least to the extent of securing a suitable presiding officer, 'and an intelligent and impartial jury. Sucb considerations have often moved tbe public mind to legislation on tbis subject.
If sucb means and ends are contemplated by a party offering a reward, tbe service is very inadequately performed, if in a given case tbe slave is delivered to a magistrate every way unsuited, and for reasons that need not be suggested tbe trial promptly proceeded witb, and tbe prosecution conducted by a stranger, or a partisan of tbe owner, and in a neighborhood remote from tbe Court House, tbe very atmosphere of which may be infected witb improper influences.
Tbe facts are all before the Court, and we do not see any purpose to be accomplished by protracting tbis litigation.
Tbe verdict of tbe jury is set aside and a nonsuit is ordered.
Wardlaw, Withers and MüNro, JJ., concurred.

Nonsuit ordered.

) It is well settled that a promise to pay a reward on the apprehension of a felon, will support an action. Williams vs. Oarwardine, 5 C. & P. 566; Lancaster, vs. Walsh, 4 M. & W. 16; Ch. on Con. 10, note (gj, 544, note (v). R.